UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMY KUNCE,**

        **Plaintiff,**

**v.**                                              **Case No: 6:25-cv-533-PGB-RMN**

**SPM OF ALABAMA, LLC,**

        **Defendant.**

_____/

**ORDER**

This cause comes before the Court on jurisdictional review.

## I. BACKGROUND

Plaintiff Amy Kunce ("**Plaintiff**") initiated this action in state court on February 18, 2025. (Doc. 1-1). On March 26, 2025, Defendant SPM of Alabama, LLC ("**Defendant**") removed the action to this Court under the basis of diversity of citizenship. (Doc. 1 (the "**Notice of Removal**")); 28 U.S.C. § 1446. Regarding the parties' citizenship, the Notice of Removal states that Plaintiff is a citizen of Florida and that Defendant is a citizen of Alabama. (Doc. 1, p. 2). Additionally, the Notice of Removal states that the amount in controversy exceeds $75,000. (*Id.*).

## II. STANDARD OF REVIEW

Federal courts exercise limited jurisdiction and must "zealously insure [sic] that jurisdiction exists" in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th

Cir. 1999) (stating that a district court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). Thus, in a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse. *See* 28 U.S.C. § 1332; FED. R. CIV. P. 8(a)(1). Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Thus, to achieve "complete diversity," no plaintiff may be a citizen of the same state as any of the defendants. *Id.*

For purposes of diversity jurisdiction, a limited liability company is a citizen of every state in which one of its members is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). As such, to sufficiently allege a limited liability company's citizenship, a party must list *the citizenship of all the members of that entity. See, e.g.*, *id.*

### III.   DISCUSSION

Simply put, Defendant fails to establish complete diversity to support its Notice of Removal. (*See* Doc. 1). Defendant, SPM of Alabama, LLC, is a limited liability company. (*Id.* at p. 2). However, nowhere in the Complaint or Notice of Removal do the parties *affirmatively* allege the state of citizenship of each of the members of the aforementioned limited liability company. (*See* Docs. 1, 1-1).

### IV.   CONCLUSION

Accordingly, Defendant SPM of Alabama, LLC is **ORDERED TO SHOW CAUSE** as to the state of citizenship of each of its members on or before **April 8, 2025**. Failure to timely comply with this Order may result in the imposition of sanctions.

**DONE AND ORDERED** in Orlando, Florida on April 1, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties